THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BANK OF NEW YORK MELLON, | CASE NO. C16-1440-JCC |
| Plaintiff, | ORDER REMANDING TO STATE COURT AND IMPOSING SANCTIONS |
| v. | |
| WARREN KLINT, | |
| Defendant. | |

This matter comes before the Court on Defendant Klint's notice of removal as to King County Case Number 15-2-17800-8-SEA (Dkt. Nos. 1 and 2) and Plaintiff Bank of New York Mellon's motion to remand and motion for sanctions and a vexatious litigant order (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion to remand, motion for sanctions, and enters a vexatious litigant order (*Id.*) against Klint for the reasons explained herein.

I.      BACKGROUND

This is the fourth time Klint has attempted to remove this litigation, and the three previous attempts were unsuccessful. *See Bank of New York Mellon v. Klint*, C16-0017-RAJ (Dkt. No. 12 at 3) (finding this Court lacks jurisdiction); *Bank of New York Mellon v. Klint*, C16-0588-RSL (Dkt. No. 11 at 1) (concluding Defendant fails to justify his repeated attempts at removal); *Bank of New York Mellon v. Klint*, C16-1192-JCC (Dkt. No. 5 at 1–2) (finding current

removal "patently meritless" and warning Defendant that further attempts at removal may result in sanctions under Fed. R. Civ. P. 11).

## II.   DISCUSSION

### A.   Purpose of Removal

The purpose of removal to federal court based on diversity jurisdiction is to give a nonresident defendant, who has been unwillingly brought into a state court, the right to remove to the presumably unprejudiced forum of the federal court. *Browne v. Hartford Fire Ins. Co.*, 168 F. Supp. 796, (N.D. Ill. 1959). Alternatively, removal is proper if the claim arises "under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(a)-(b). The purpose of removal is not to repeatedly delay litigation. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The Court finds that Klint establishes no basis for federal jurisdiction and his repeated attempts at removal are nothing more than a delay tactic. The Court hereby REMANDS this case to King County Superior Court.

### B.   Sanctions and Vexatious Litigant Order

This Court previously warned Mr. Klint that a fourth attempt to improperly remove his case to federal court would result in sanctions. *Bank of New York Mellon v. Klint*, C16-1192-JCC (Dkt. No. 5 at 1–2). The Court hereby GRANTS Plaintiff's motion for sanctions (Dkt. No. 8) and imposes sanctions in the amount of $1,000, to be paid to the Plaintiff.

Plaintiff also asks this Court to enter a vexatious litigant order against Klint, requiring him to seek and obtain this Court's formal written permission before bringing any removal or federal action in this case. (Dkt. No. 6 at 6.) District courts have inherent power to enter pre-filing orders against vexations litigants. The All Writs Act, 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Prior to entering a vexatious litigant order, the Court must consider four factors: (1) the litigant must be given notice and a chance to

be heard, (2) the district court must compile "an adequate record for review," (3) the district

court must make substantive findings about the frivolous or harassing nature of the party's

litigation, and (4) the vexatious litigant order "must be narrowly tailored to closely fit the

specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (Fed. Cir. 1990).

Recently, this Court directed Klint to show cause why a vexatious litigant order should not be

entered against him by October 5, 2016. (Dkt. No. 8 at 2.) Klint filed an untimely response to the

order to show cause on October 6, 2016. (Dkt. No. 9.) It consisted solely of conclusions that

removal was proper. (*Id.*) Further, Klint makes no attempt to explain why this Court should not

deem him a vexatious litigant for filing three previous meritless removal notices. Klint has

therefore received notice and had an opportunity to be heard. An adequate record is before the

Court, as this is Klint's fourth meritless removal action. This Court previously found Klint's

removal actions "patently meritless," *Bank of New York Mellon v. Klint*, C16-1192-JCC (Dkt.

No. 5 at 1–2), and now makes a substantive finding that his repeated removal actions are

frivolous and intended to harass Plaintiff. The Court hereby finds Klint to be a vexatious litigant

and GRANTS Plaintiff's motion for a vexatious litigant order. As pertains to the current eviction

action, Klint must seek and obtain this Court's formal written permission before bringing any

removal or federal action.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, and for sanctions and a vexatious

litigant order (Dkt. No. 8) is GRANTED. The Court DIRECTS the Clerk to send a copy of this

order to Klint.

//

//

//

//

//

ORDER REMANDING TO STATE COURT AND
IMPOSING SANCTIONS
PAGE - 3

1  //

2  //

3  DATED this 11th day of October 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER REMANDING TO STATE COURT AND
IMPOSING SANCTIONS
PAGE - 4