UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>                         Plaintiff,<br><br>     v.<br><br>WARREN KLINT,<br><br>                         Defendant. | Case No. 2:16-CV-01440-JCC<br><br>**REPORT AND RECOMMENDATION** |

Defendant Warren Klint, proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* ("IFP application") on appeal in this matter. Dkt. 14. The application has been referred to the undersigned United States Magistrate Judge. *Id.* The application is deficient, but the Court recommends the application be **DENIED** because any attempts to cure the deficient IFP application would be futile for the reasons discussed below.

**BACKGROUND AND DISCUSSION**

Defendant's appeal and the instant IFP application follows the Court's Order remanding this matter to King County Superior Court, granting plaintiff's request for sanctions, and entering a vexatious litigant order against defendant. Dkts. 10, 13, 14. As a preliminary matter, defendant's IFP application is deficient. Federal Rule of Appellate Procedure 24(a)(1) requires a party seeking IFP status on appeal to attach an affidavit that: (A) shows in the detail prescribed

REPORT AND RECOMMENDATION - 1

by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.  Defendant's application does not include an affidavit that meets these requirements.  *See* Dkt. 14.

This is the fourth time defendant has attempted to remove this unlawful detainer action for review before this Court.  *See Bank of New York Mellon v. Klint*, C16-17 RAJ; *Bank of New York Mellon v. Klint*, C16-588 RSL; *Bank of New York Mellon v. Klint*, 16-1192 JCC.  In its order remanding this matter, the District Judge observed the three previous attempts to remove the litigation were unsuccessful.  Dkt. 10 at 1 ("*See Bank of New York Mellon v. Klint*, C16-0017-RAJ (Dkt. No. 12 at 3) (finding this Court lacks jurisdiction); *Bank of New York Mellon v. Klint*, C16-0588-RSL (Dkt. No. 11 at 1) (concluding Defendant fails to justify his repeated attempts at removal); *Bank of New York Mellon v. Klint*, C16-1192-JCC (Dkt. No. 5 at 1–2) (finding current removal "patently meritless" and warning Defendant that further attempts at removal may result in sanctions under Fed. R. Civ. P. 11)").  In the instant case, the Court found there was no basis for federal jurisdiction, and defendant's repeated attempts at removal were "nothing more than a delay tactic."  The Court also made a "substantive finding that [defendant's] repeated removal actions are frivolous and intended to harass Plaintiff."  *Id.* at 3.

Given that this is defendant's fourth, unsuccessful attempt to litigate this matter in this Court, defendant can present no meritorious argument showing there is any basis to conclude the Court erred in remanding the case, entering a vexatious litigant order, and ordering sanctions.  Accordingly, the Court finds that even if the defendant complied with Fed. R. App. P. 24(a)(1), he could present no entitlement to redress.  In short, curing the deficient IFP application would ultimately prove to be an exercise in futility.  The Court therefore recommends defendant's

REPORT AND RECOMMENDATION - 2

motion to proceed *in forma pauperis* on appeal be **DENIED**, and further recommends the parties be given notice that the Court certifies the appeal is not taken in good faith. *See* Federal Rule of Appellate Procedure 24(4)(B); *see also* 28 U.S.C. § 1915(e)(2).

Any objections to this Recommendation must be filed no later than **December 9, 2016**. The Clerk should note the matter for **December 12, 2016**, as ready for the District Judge's consideration. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 18th day of November, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3